IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROY PAUL GLOVER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-117-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Petitioner ROY PAUL GLOVER has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 47th Judicial District Court of Potter County, Texas, for the felony offense of continuous sexual abuse of a child and the resultant 60-year sentence. For the reasons set forth below, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On February 2, 2011, petitioner was charged by indictment in Cause No. 62,756 with the offense of continuous sexual abuse of a child. [ECF 10-10 at 19]. On September 21, 2011, a jury found petitioner guilty of the offense and sentenced him to a term of sixty (60) years imprisonment. *See State v. Glover*, No. 62,756-A. [ECF 10-10 at 88; 93; 104]. Petitioner directly appealed his conviction; however, on June 27, 2013, the state intermediate appellate court affirmed petitioner's

conviction. *Glover v. State*, 406 S.W.3d 343 (Tex. App.—Amarillo 2013, pet. ref'd). The Texas Court of Criminal Appeals denied petitioner's petition for discretionary review [PDR] on October 23, 2013. *Glover v. State*, No. PD-1190-13. The United States Supreme Court denied petitioner's petition for certiorari on April 21, 2014. [ECF 1 at 21].

On April 9, 2015, petitioner filed the instant federal habeas petition. On July 27, 2015, respondent filed an answer opposing federal habeas relief.

## II.
## PETITIONER'S ALLEGATION

Petitioner contends he is being held in violation of the Constitution and laws of the United States because his 60-year sentence for continuous sexual abuse of a child violates the Eighth Amendment. Specifically, petitioner argues his sentence is unconstitutional because under Texas law, the minimum sentence for the offense of continuous sexual abuse of a child, which does not offer the possibility of parole, is greater than the minimum sentence for murder, which does offer parole. Petitioner further argues that this statutory construction violates the necessity for a categorical rule mandated by *Graham v. Florida*, 560 U.S. 48, 69 (2010). [ECF 1 at 7].

## III.
## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall <u>not</u> be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:

1.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2.  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)[1]. A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003). A determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485.

Here, as stated *supra*, petitioner directly appealed his conviction and sentence to the state intermediate appellate court, and that court denied his appeal by written opinion. Petitioner appealed this intermediate state court decision to the Texas Court of Criminal Appeals by petition for discretionary review, and the state's highest court denied his appeal with no opinion. Thereafter, the United States Supreme Court denied petitioner's petition for certiorari. For the purpose of this Court's analysis, "the federal court should 'look through' the unexplained decision [PDR] to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, __ U.S.__, 138 S. Ct. 1188, 1192, 200 L. Ed. 2d 530 (2018).

---

[1] Petitioner states in his application that he relies on the first of these two. [ECF 1 at 7].

Consequently, this Court's review is limited to a determination of whether petitioner has shown the state intermediate appellate court based its decision on an unreasonable determination of the facts in light of the evidence before the state court, or whether that decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.

### III.
### MERITS

Petitioner asks the question "Does the Eighth Amendment categorically proscribe a sentencing scheme with a minimum of 25 years' imprisonment – and barring *any* release on parole – for the offense of continuous sexual abuse of a child, while mandating a minimum term of only *five* years and parole eligibility in no more than *30* years for *murdering* the same child?" [ECF 1 at 7]. As mentioned above, petitioner argues it does.

At the time petitioner committed the offense, continuous sexual assault of a child carried a punishment range of a term of imprisonment for life, or for any term of not more than 99 or less than 25 years. TEX. PENAL CODE § 21.02(h)(WEST SUPP. 2012). A person committing this offense would not be eligible for parole. TEX. GOV'T CODE § 508.145(a)(WEST 2012). Comparatively, argues petitioner, if this offender had instead murdered the child, he would be subject to a range of punishment of a term of imprisonment for life, or for any term of not more than 99 or less than 5 years and would be eligible for parole. TEX. PENAL CODE § 12.32 (WEST 2011); TEX. GOV'T CODE § 508.145(f) (WEST 2012).

Petitioner contends he has met the AEDPA standard because the state courts unreasonably applied clearly established Supreme Court precedent; specifically, the holding in *Graham,* 560 U.S. at 69, "defendants who do not kill, intend to kill, or foresee that life will be taken are categorically less deserving of the most serious forms of punishment than are murderers" and I

also the holding in *Roper v. Simmons*, "punishment for crime should be graduated and proportioned to [the] offense." 543 U.S. 551, 560, (2005). Petitioner states these cases prove that by its very nature, the Texas criminal punishment statute for continuous sexual abuse of a child, which does not provide for parole, is disproportionate to the statute for murder, which allows parole eligibility, and is therefore unconstitutional under the Eighth Amendment.

Petitioner does not elaborate further on his argument, but references the state intermediate appellate court finding that "a sentence for a non-capital offense which is subject to a mandatory provision providing for the unavailability of parole is not *per se* unconstitutional." *Glover v. State*, 406 S.W.3d at 347. It appears petitioner contends the Texas statute is exactly that, *per se* unconstitutional because *Graham* mandates a categorical rule against such statutory inequities. [ECF 1 at 8]. Respondent counters that nothing in the Eight Amendment or the Supreme Court's decisions requires the minimum sentence for continuous sexual abuse of a child to be less than the minimum sentence for murder. [ECF 11 at 8].

In *Graham*, the United States Supreme Court held "The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." 560 U.S. at 82. In so finding, the Court applied a categorical approach instead of the Eight Amendment's "narrow proportionality principle" previously examined in *Harmelin v. Michigan*, 501 U.S. 957 (1991). *Id*. at 61-62. In recognizing this, the state intermediate court further found that the *Graham* holding had been interpreted by the Texas Court of Criminal Appeals to require that a challenge to the "categorical" application of a statutory punishment scheme requires the consideration of four factors:

    (1) whether there is a national consensus against imposing the particular punishment at issue;

    (2) the moral culpability of the offenders at issue in light of their crimes and characteristics;

   (3) the severity of the punishment; and

  (4) whether the punishment serves legitimate penological goals.

*Glover,* 406 S.W.3d at 348 (*citing Meadoux v. State,* 325 S.W.3d 189, 194 (Tex.Crim.App. 2010) (relying upon *Graham v. Florida,* 130 S.Ct. at 2022, 2026)). The intermediate appellate court examined each of these factors in turn.

  With regard to the first factor, the court stated, "[W]e believe the national consensus factor weighs in favor of the constitutionality of a no parole sentencing scheme for the offense of continuous sexual abuse of a child." *Id*. at 348. The court next determined, "[W]e believe the moral culpability factor weighs in favor of the constitutionality of a no parole sentencing scheme for the offense of continuous sexual abuse of a child." *Id*. at 349. In its analysis on punishment, the court found the punishment to be severe and that it weighed "in favor of the unconstitutionality of this particular sentencing scheme as applied to [petitioner]." *Id*. Finally, the court acknowledged the penological goal of the last factor, including the goals of retribution, deterrence, incapacitation and rehabilitation. *Id*. In examining these goals, the court found that "the penological interests of both deterrence and incapacitation are served by the sentencing scheme in question." *Id.* at 50. Having made its analysis, the state intermediate appellate court ultimately held that it could not find "a sentencing scheme which categorically denies the availability of parole to offenders who have committed the offense of continuous sexual abuse is constitutionally infirm." *Id*. This is all that *Graham* requires.

  Petitioner has not alleged, much less proven, the threshold standards to obtain federal habeas relief. Petitioner appears to have only re-urged the argument previously presented to the state intermediate appellate court, arguing that court erred under the AEDPA. Petitioner has not attempted to show in what way the state court erred by denying relief based on an unreasonable

application of federal law as determined by the United States Supreme Court, or on an unreasonable determination of facts in light of the evidence. In the conclusion of his federal habeas application, petitioner includes the sentence, "Thus by its very nature, under 'clearly established Federal law,' as 'determined by the Supreme Court of the United States' [citations omitted], Texas' sentencing scheme for continuous sexual abuse violates the Eighth Amendment. Since the State courts ruled otherwise, [citation omitted], the petitioner is entitled to relief under § 2254(d)(1), *supra*." [ECF 1 at 8-9]. This is the extent of petitioner's argument that he has met the threshold standards for federal habeas relief.

Petitioner has not demonstrated that the categorical challenge to a sentencing practice presented in *Graham* makes the Texas statutory scheme in petitioner's case *per se* unconstitutional or that the United States Supreme Court established a categorical rule that continuous sexual abuse of children offenses must have a lesser minimum sentence than murder offenses when taking parole availability into account. Petitioner has not established the mandatory predicate that must be met before this Court can grant federal habeas relief. Consequently, the AEDPA re-litigation bar forecloses petitioner's claim, and petitioner's federal habeas application is subject to denial.

## IV.
## RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner ROY PAUL GLOVER be DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 25, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

* NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).